1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| RUI COSTA and KIMBERLY COSTA, | ) | Case No.: 5:12-CV-05669-EJD |
| | ) | |
| Plaintiffs, | ) | **ORDER DENYING DEFENDANTS'** |
| | ) | **MOTION TO DISMISS AND** |
| v. | ) | **GRANTING DEFENDANTS'** |
| | ) | **MOTION TO TRANSFER VENUE** |
| WIRTGEN INTERNATIONAL GMBH & CO. | ) | |
| KG and WIRTGEN AMERICA, INC., | ) | |
| | ) | |
| | ) | **[Re: Docket No. 6]** |
| Defendants. | ) | |
| | ) | |
| | ) | |

Presently before the court in this product liability action is Defendants Wirtgen
International GmbH & Co., KG and Wirtgen America, Inc.'s (collectively, "Defendants") Motion
to Dismiss Under Fed. R. Civ. P. 12(b)(3) and Motion to Transfer Venue Under 28 U.S.C. §
1404(a). Dkt. No. 6.  Having reviewed the parties' briefing, the court determines that a hearing is
not necessary and hereby VACATES the hearing currently set for April 19, 2013.  For the
foregoing reasons, the court DENIES Defendants' Motion to Dismiss and GRANTS Defendants'
Motion to Transfer Venue.

**United States District Court**
For the Northern District of California

## I.  Background

On November 5, 2012, Plaintiffs Rui Costa and Kimberly Costa (collectively, "Plaintiffs") filed this action seeking to recover damages they incurred as a result of an accident on August 5, 2011.  On that day, Mr. Costa and a coworker were attempting to load Defendants' W2000 Cold Milling Machine, a piece of heavy equipment used to remove and grind pavement, onto a tractor trailer when the machine's rear crawler tracks turned outside of the profile of the machine.  Dkt. No. 1 at ¶ 12.  During this maneuver, a crawler track caught Mr. Costa's leg, causing him to be drawn underneath the machine and allowing the machine to roll over his lower extremities.  Id. Both of Mr. Costa's lower extremities were ultimately amputated.  Id.  The incident occurred on State Highway 395 in the city of Alturas, CA, which is located within Modoc County.  Id. at ¶ 6. Mr. Costa was airlifted to Oregon, where he received emergency medical care from the date of the accident until September 13, 2011.  Id. at ¶ 7.  Plaintiff then transferred to Santa Clara Valley Medical Center, where he remained for inpatient rehabilitation until November 3, 2011.  Id.

A year later, Plaintiffs filed this lawsuit alleging common law claims of product liability, breach of implied warranty, negligence, and loss of consortium.  Dkt. No. 1.  Defendants filed the present Motion to Dismiss and Motion to Transfer Venue on December 20, 2012.  Dkt. No. 6.  The court now turns to the substance of that motion.

## II.  Legal Standard

A defendant may raise a Rule 12(b)(3) motion to dismiss for improper venue in its first responsive pleading. Fed. R. Civ. P. 12(b)(3). The venue statute, 28 U.S.C. § 1391, provides that an action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or

Case No.: 5:12-CV-05669-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING
DEFENDANTS' MOTION TO TRANSFER VENUE

(3) If there is no district in which an action may otherwise be brought as provided in this
       section, any judicial district in which any defendant is subject to the court's personal
       jurisdiction with respect to such an action.

28 U .S.C. §1391(b).

Once the defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper. Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979). When considering a Rule 12(b)(3) motion to dismiss, the court need not accept the pleadings as true, and "may consider facts outside the pleadings." Richardson v. Lloyd's of London, 135 F.3d 1289, 1292 (9th Cir. 1998). However, the court must "draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the nonmoving party." Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138–39 (9th Cir. 2003). If the court determines that venue is improper, it may dismiss the case, or, if it is in the interest of justice, transfer the case to any district in which it properly could have been brought. 28 U.S.C. § 1406(a). The decision to transfer rests in the discretion of the court. 28 U.S.C. § 1404(b).

**III.     Discussion**

In order to resolve Defendants' Motion to Dismiss, the court must determine whether venue in the Northern District of California is appropriate under any section of 28 U.S.C. § 1391. Sections 1391(a)(1) and (a)(3) both require a corporate defendant to be subject to personal jurisdiction in the district in order for the chosen venue to be proper. See 28 U.S.C. § 1391(c)(2) (stating that for venue purposes, a corporate defendant "shall be deemed to reside…in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question"). To be subject to personal jurisdiction in any venue, the corporate defendant must either have "continuous and systematic" contacts sufficient to establish general personal jurisdiction, or more limited contacts sufficient to establish specific personal jurisdiction. See Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990). The parties agree that Defendants are not subject to general personal jurisdiction. Thus, the court must determine only whether specific personal jurisdiction applies.

Case No.: 5:12-CV-05669-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING
DEFENDANTS' MOTION TO TRANSFER VENUE

1    The Ninth Circuit applies the following three-prong test to determine whether a defendant

2    has sufficient contacts to be susceptible to specific personal jurisdiction:

3       (1) The non-resident defendant must purposefully direct his activities or consummate some

4          transaction with the forum or resident thereof; or perform some act by which he

5          purposefully avails himself of the privilege of conducting activities in the forum,

6          thereby invoking the benefits and protections of its laws;

7       (2)  the claim must be one which arises out of or relates to the defendant's forum-related

8          activities; and

9       (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it

10         must be reasonable.

11   Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1128 (9th Cir. 2010) (citing

12   Schwarzenegger v. Fred Martin Motor Co ., 374 F.3d 797, 802 (9th Cir. 2004)).

13   Here, Defendants have no physical presence in California.  Wirtgen International makes all

14   sales to Wirtgen America in Tennessee.  Wirtgen America makes sales to its exclusive dealer,

15   Nixon-Negli, a resident of California located in San Joaquin and San Bernadino counties, which

16   fall within the Eastern and Central Districts of California, respectively.  See 28 U.S.C. §§ 84(b),

17   84(c)(1).  Under very limited circumstances, Wirtgen America has sold machines to an end-user in

18   Santa Clara County, a county falling within the Northern District of California. 28 U.S.C. § 84(a).

19   Despite Plaintiffs' assertion to the contrary, the court finds that Defendants have not "targeted" this

20   forum in a way sufficient to establish he first prong of the sufficient contacts test.  See J. McIntyre

21   Mach Ltd. v. Nicastro, 131 S. Ct. 2780, 2788 (June 27, 2011).

22   Even if the sale to end-user were sufficient to establish purposeful availment under the first

23   prong of the test, such availment could not have given rise to the cause of action in this case as

24   required by the second prong—Plaintiffs have not provided any evidence suggesting that this end-

25   user has any relationship to Mr. Costa, his employer, the sale of the machine at issue, or the project

26   at issue.  See Sher, 911 F.2d at 1361.  Additionally, the accident giving rise to Plaintiffs' causes of

27   action occurred in Modoc County, which falls within the Eastern District of California. 28 U.S.C. §

28

4

Case No.: 5:12-CV-05669-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING
DEFENDANTS' MOTION TO TRANSFER VENUE

84(b); Dkt. No. 1 at ¶ 6.  Thus, even if Defendants' sales to the end-user in Santa Clara County were connected to the incident in this case, the second prong still could not be satisfied because the injury occurred outside of this district.  Similarly, the fact that Mr. Costa subsequently received treatment in Santa Clara County, which falls within the Northern District of California, does not satisfy Plaintiffs' burden under the second prong.  Such allegations only demonstrate that Plaintiffs incurred damages in the Northern District, not that their claims themselves arise out of it.  See, e.g. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 807 (9t h Cir. 2004) (finding that the fact that the defendant's act eventually caused harm to the plaintiff in the forum at issue was insufficient to confer jurisdiction because the defendant's "express aim" was focused on a different jurisdiction).

Having found that Plaintiffs have failed to meet their burden to satisfy both the first and second prongs of the specific jurisdiction test, the court concludes that specific personal jurisdiction cannot be found in this case.  Without such jurisdiction, venue cannot be properly found under Sections (a)(1) or (a)(3) of the venue statute.  See 28 U.S.C. § 1391.

Under Section (a)(2) of the venue statute, venue can separately be deemed appropriate in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(a)(2).  As discussed above, the incident giving rise to Plaintiffs' claims occurred in Modoc County, in the Eastern District of California.  Thus, only Plaintiffs' damages—not their causes of action—accrued in the Northern District.  As such, venue is improper under Section 1391(a)(2).

**IV.     Conclusion**

Having found that venue in this court is improper under each section of 28 U.S.C. § 1391, the court has two options: (1) dismiss the action; or (2) transfer venue to the Eastern District of California if the interests of justice so require.  28 U.S.C. § 1406(a).  Defendants here request that the court do both simultaneously.  Such a result is not possible under § 1406(a).  The court takes this request as an indication that Defendants do not object to a transfer.  It appears likely that, in the event the court dismisses this case, the Plaintiffs would simply refile their claims in the Eastern

United States District Court
For the Northern District of California

5

1    District of California.  Thus, to avoid extra expense and delay for both parties, the court finds that

2    transfer, rather than dismissal, is appropriate here.  Accordingly the court DENIES Defendants'

3    Motion to Dismiss and GRANTS Defendants' Motion to Transfer.  The Clerk shall transfer the file

4    to the United States District Court for the Eastern District of California and close the file.

5    **IT IS SO ORDERED**

6    Dated: April 16, 2013

7                                                    _____

8                                                    EDWARD J. DAVILA
                                                     United States District Judge

United States District Court
For the Northern District of California

6

Case No.: 5:12-CV-05669-EJD
ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING
DEFENDANTS' MOTION TO TRANSFER VENUE